IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS SCHAETZEL,

                        Petitioner,

  v.

                                                                           OPINION and ORDER

R.D. KEYES, WARDEN,
FCI OXFORD, OXFORD, WI,                                22-cv-179-jdp
FEDERAL BUREAU OF PRISONS,

                        Respondents.

---

Nicholas Schaetzel, appearing pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Schaetzel was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin for a 21-month sentence for wire fraud. *See United States v. Schaetzel*, Case No. 20-CR-198 (E.D. Wis.). Schaetzel contends that the Bureau of Prisons (1) improperly calculated his First Step Act time credits that would entitle him to placement in pre-release custody; and (2) failed to refer him for compassionate release or home confinement under the CARES Act.

This court did not sentence Schaetzel so it cannot grant him compassionate release, nor can this court review the BOP's refusal to file its own motion for compassionate release. *See, e.g., Harris v. Cross*, No. 14-cv-306, 2014 WL 1119619, at *2 (S.D. Ill. Mar. 14, 2014) ("Congress has given the *sentencing* court authority over the actual release decision." (emphasis in original)). And even after the CARES Act, this court cannot order the BOP to place a prisoner in home confinement. *United States v. Williams*, 829 F. App'x 138, 139 (7th Cir. 2020) ("The act carved out no role for the courts in making [placement decisions]. . . . the Bureau has 'plenary control' over an inmate's placement.").

As for Schaetzel's First Step Act credits argument, the issue is moot. During the briefing of Schaetzel's petition, the BOP granted him the relief he sought by transferring him to home confinement for about two months. Dkt. 18, ¶ 7. Schaetzel did not file a reply brief. My own review of the bureau's inmate locator website shows that Schaetzel was then released in August after reaching his release date.[1] Schaetzel is still on extended supervision, but in his petition he did not contend that First Step Act time credits should be applied to end his supervised release sooner, nor would such an argument have merit. *See Zimmer v. Marske*, No. 21-cv-284-jdp, 2022 WL 4016623, at *1 (W.D. Wis. Sept. 2, 2022) ("I cannot use the earned-time credit that the BOP allegedly unlawfully failed to give Zimmer before his release to reduce his term of supervised release retroactively.").

ORDER

IT IS ORDERED that:

1. Petitioner Nicholas Schaetzel's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED as moot.

2. The clerk of court is directed to enter judgment and close this case.

Entered October 17, 2022.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge

---

[1] *See* https://www.bop.gov/inmateloc/.